UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORDERRO D. MILLER,

          Petitioner,

    v.

JASON SCHULTZ,

          Respondent.

No.  2:25-cv-2082 TLN CSK P

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, proceeds pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent's motion to dismiss is before the Court.  As set forth below, the Court recommends that the motion be granted.

I.      LEGAL STANDARDS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Id.  Rule 4 also permits summary dismissal of "claims that are clearly not cognizable."  Clayton v. Biter, 868 F.3d 840, 845 (9th Cir. 2017). The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

1

II.     BACKGROUND

The habeas petition was filed on July 25, 2025.  (ECF No. 1.)  On September 29, 2025, respondent timely filed a motion to dismiss.  (ECF No. 12.)  On November 5, 2025, petitioner was ordered to show cause within 21 days why the motion should not be granted due to petitioner's failure to file an opposition.  (ECF No. 13.)  On November 17, 2025, petitioner filed an undated opposition.  (ECF No. 14.)  Because petitioner proceeds pro se and filed his opposition within the 21 day deadline, the Court considers his opposition.  On November 25, 2025, respondent filed a reply.  (ECF No. 15.)

III.    THE PETITION

Petitioner was convicted on April 9, 2015, and sentenced to a determinate prison term of twelve years and four months.  (ECF No. 1 at 1.)  Petitioner contends his Fourteenth Amendment due process rights were violated by respondent's failure to reinstate revoked sentence credits.  (ECF No. 1 at 5.)  Petitioner argues that he should have been assessed credit losses amounting to 33.3 percent of his good conduct credits, he was denied restoration of good conduct credits after he remained disciplinary-free for 180 days, and he was improperly assessed credit losses of over 30 days for single acts of misconduct.  (Id. at 5-6.)  Petitioner states his claims are not subject to state court exhaustion requirements, and confirms he exhausted his administrative remedies.  (Id. at 5, 7.)  As relief, petitioner seeks restoration of all good time credits lost as a result of prison disciplinary actions, an order expunging the prison disciplinary actions, and immediate release on parole supervision based on credit for time served.  (Id. at 15.)

IV.     STATE COURT RECORD

Petitioner filed a petition for writ of habeas corpus in the "Superior Court of California," in 25HC00146, which was denied on May 9, 2025.  (ECF No. 1 at 3.)

State court records reflect petitioner's multiple filings in the California Court of Appeals for the Third District.[1]  On November 22, 2024, petitioner filed a petition for writ of habeas

---

[1]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v.

2

corpus.  In re Corderro D. Miller on Habeas Corpus, No. C102523 (Cal. Ct. Appeal).  On May 2, 2025, the state court denied the petition, adding "[t]he motion for resentencing is treated as a petition for writ of habeas corpus, and as such, is denied."  Id.  On July 15, 2024, petitioner filed a petition for writ of habeas corpus.  In re Corderro Miller on Habeas Corpus, Case No. C101552 (Cal. Ct. App.).  The petition was denied without comment.  Id.  Petitioner filed three earlier petitions for writ of habeas corpus, which were all denied by the state appellate court.  Case Nos. C101236, C100970, and C096409.

On January 5, 2026, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  Miller (Corderro Donte) on H.C., No. S294658 (Cal. S. Ct.).  The petition was denied on June 10, 2026, citing "In re Dexter (1979) 25 Cal.3d 921, 925-926 [a habeas corpus petitioner must exhaust available administrative remedies]; In re Swain (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].)."  Id.

V.   RESPONDENT'S MOTION TO DISMISS

   A.  Failure to State a Claim

      1.  The Parties' Arguments

Respondent argues that petitioner's allegations are solely based on California state law, and therefore petitioner's claims fail to state a cognizable habeas claim.  (ECF No. 12.)  Respondent points out that petitioner does not challenge a particular disciplinary action, but rather challenges the credit losses associated with all the disciplinary violations he has received while in custody.  (ECF No. 12 at 2 (citing ECF No. 1 at 5).)  Respondent argues that petitioner's claims that he should only be assessed loss of his good conduct credits at a rate of 33.3 percent and was improperly denied restoration of his lost conduct credits, as well as his claim that he was improperly assessed credit losses of more than 30 days for single incidents of misconduct, are all solely based on California regulations.  (Id. at 2-3 (citing Cal. Code Regs. tit. 15, §§ 2932(a)(4), 3043.2, 3327-3329.5)).

Petitioner opposes the motion, arguing that his due process rights under the Fourteenth

_____

Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

3

Amendment were violated by prison officials illegally revoking 1,608 sentence credits, constituting cruel and unusual punishment in violation of the Eighth Amendment because it resulted in extending petitioner's release date.  (ECF No. 14 at 2.)  Petitioner contends that the restoration of his time credits would necessarily lead to his immediate or earlier release.  (Id. at 1 (citing Nettles v. Grounds, 830 F.3d 922-35 (9th Cir. 2016)).

In reply, respondent agrees that petitioner's claim is properly brought as a habeas claim, but contends petitioner is still required to demonstrate a deprivation of a federal right, which petitioner failed to do.  (ECF No. 15 at 2.)

*2. Discussion*

"[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison."  Wolff v. McDonnell, 418 U.S. 539, 557 (1974).  However, the Supreme Court has held that California law creates a liberty interest in parole.  See Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011) (citation omitted).  The Ninth Circuit has yet to determine whether California law creates a liberty interest in good-time or any other type of credits.  See generally Edwards v. Swarthout, 597 F. App'x 914, 915-16 (9th Cir. 2014) (stating court has not had occasion to decide whether California Penal Code § 2933 as amended in 2010 to allow receipt of good-time credits based upon time served in prison creates a liberty interest).

Here, petitioner contends that his good conduct credits were not reinstated.  He alleges he was improperly denied good conduct credits, amounting to some 1,608 days earned during his incarceration in violation of his Fourteenth Amendment due process rights.  However, such claim is not cognizable on federal habeas review because such claim alleges state court error in the application of state law.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (holding alleged errors in state law not cognizable in federal habeas proceedings).

Specifically, because there is no constitutional right to good-time credits (see Wolff, 418 U.S. at 557), and petitioner has no constitutional right to earlier release, petitioner's claim does not raise either a constitutional question or an otherwise established violation of federal law.  See

4

Chatman v. Cineros, 2021 WL 4864427, at *1 (E.D. Cal. Oct. 19, 2021), findings and recommendation adopted, 2021 WL 6051187 (E.D. Cal. Dec. 21, 2021) (finding that claim that prisoner was denied some 1,440 days good conduct credits was not cognizable federal habeas claim); Tran v. Clark, 2021 WL 5989784, at *4 (C.D. Cal. Nov. 10, 2021) (finding that claim regarding "whether CDCR is properly applying custody credits to [prisoner's] sentence under CDCR regulations, the penal code, and Proposition 57" was premised exclusively on state law and therefore not cognizable on federal habeas corpus), adopted by 2022 WL 3153577 (C.D. Cal. Aug. 8, 2022); Hunter v. California Dept. of Corrs. and Rehab., 2020 WL 4209658, at *1 (E.D. Cal. Mar. 27, 2020) (finding that challenge to computation of good-time credits was based on state law and thus not cognizable in federal habeas corpus action), adopted by 2020 WL 4207983 (E.D. Cal. July 22, 2020).  Thus, it is not a claim this Court may review.

As for whether petitioner has a state-created liberty interest protected by the Fourteenth Amendment's due process clause, petitioner cited no California statutes or case law that finds such an interest has been conferred upon prisoners by the state.  (ECF No. 1 at 16-17.)  As noted by respondent, petitioner does not challenge a particular disciplinary action.  Although petitioner contends his request for restoration of good conduct credits was denied, petitioner essentially asserts that his credits were not properly restored in the manner in which petitioner believes they should have been, and which he claims would result in petitioner's earlier release.  However, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  Whether or not credits are being properly applied to petitioner's sentence is not within the province of a federal court's jurisdiction.  See Estelle, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); 28 U.S.C. § 2254(a) (establishing district court's consideration of habeas petition only on grounds that petitioner is in custody in violation of Constitution, laws or treaties of United States).  Rather, it is a question for the state courts to decide.  See Logan v. Hubbard, 2008 WL 2074468, at *1 (E.D. Cal. May 12, 2008) (claim that state court did not compute presentence credits correctly under California law does not raise federal constitutional question),

5

adopted by, 2008 WL 2704980 (E.D. Cal. June 10, 2008); Mousa v. Trump Admin., 2019 WL 6051611, at *6 (E.D. Cal. Nov. 15, 2019) (finding plaintiff's allegation that he was being denied the ability to earn custody credits at a higher rate failed to state a due process claim).

This Court acknowledges that petitioner also alleges a violation of the Eighth Amendment's prohibition on cruel and unusual punishment, but his conclusory reference does not render his claim cognizable. See Gray v. Netherland, 518 U.S. 152, 163 (1996) (explaining that petitioner may not convert state-law claim into federal one by mentioning constitutional guarantee); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process."); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (habeas petitioner's reference to Due Process Clause could not render his claims viable under Fourteenth Amendment). Thus, the petition should be dismissed.

B. Failure To Exhaust State Court Remedies

Respondent argues that petitioner failed to exhaust his state court remedies, pointing to petitioner's claim in the petition that petitioner did not believe he needed to exhaust state court remedies. However, in petitioner's opposition, he states he filed a petition in the California Supreme Court but had not yet received a response. As noted above, state court records confirm that the petition was denied by the California Supreme Court on June 10, 2026. Therefore, petitioner has exhausted his state court remedies, and respondent's motion to dismiss on exhaustion grounds should be denied.

VI. CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted; and

2. Petitioner's application for a writ of habeas corpus be dismissed, and this action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written

objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mill2082.mtd.hc